IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>)<br>)<br>AGRI-AFC, LLC, )<br>)<br>)<br>)<br>)<br>)<br>Defendant. ) | CIVIL ACTION NO.<br>1:20-cv-114-LG-RHW<br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices. As alleged with greater particularity in paragraphs 12 through 29 below, Plaintiff U.S. Equal Employment Opportunity Commission ("Plaintiff" or "EEOC") alleges that Defendant Agri-AFC, LLC ("Defendant" or "Agri-AFC") violated the ADA by terminating Charging Party Jean-Paul Bourgeois on the basis of his disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12117(a), which incorporates by reference Sections 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C §2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C.

§1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Mississippi, Southern Division.

## PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3), 42 U.S.C §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been doing business in the State of Mississippi and the City of Poplarville, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5), 42 U.S.C. §§12111(5), and 101(7) of the ADA, 42 U.S.C. §§12111 (7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S. C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Bourgeois filed a charge with the Commission alleging violations of the ADA by Defendant.

8. On August 21, 2019, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting

Defendant to join the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. In its efforts to conciliate, the Commission engaged in communications with Defendant to provide it with the opportunity to remedy the discriminatory practices described in the Letter of Determination. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On September 23, 2019, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of the lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. In or around December 2017, Defendant engaged in unlawful employment practices at its Poplarville, Mississippi facility by terminating Bourgeois from his employment on the basis of disability because he was disabled, regarded as disabled, and had a record of disability, in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a).

13. Bourgeois is a qualified individual with a disability who could perform the essential functions of his job with or without an accommodation. He began working at Agri-AFC on or around October 2, 2017.

14. Bourgeois was employed by Agri-AFC as a Driver/Warehouse Worker at Agri-AFC's Poplarville facility. At all times, he performed his job in at least a satisfactory manner.

15. Bourgeois has a Commercial Driver's License ("CDL") and was hired, without an interview, by Bryan Vowell, the Poplarville Location Manager.

16. Vowell and Bourgeois were friends prior to Bourgeois' hire, and Vowell was aware of Bourgeois' prior back injury.

17. The position was not posted prior to Bourgeois' selection.

18. As a Warehouse Worker, Bourgeois was responsible for operating a forklift and skid steer loader to load products onto delivery trucks and application trucks, and to help load product onto customers' vehicles.

19. Bourgeois would also occasionally drive a delivery truck to pick up new equipment from vendors.

20. Bourgeois' pre-existing back condition did not affect his ability to do his job.

21. In November 2017, Bourgeois had a casual conversation with District Manager Kelvin Stokes ("Stokes").

22. Stokes inquired about Bourgeois' work history, and Bourgeois shared that he had previously sustained a back injury during his military service.

23. Bourgeois also informed Stokes of the medications he takes for his back condition.

24. On December 6, 2017, Bourgeois met with Bob Ellison, Operations Manager, and Mike Young, Warehouse Manager.

25. Ellison advised Bourgeois that Stokes had "reservations" due to Bourgeois' back injury.

26. Ellison instructed Bourgeois to provide a list of medications that he was currently prescribed, and Bourgeois complied.

27. After Bourgeois provided the requested list of medications, Ellison advised him that he would be notified of Stokes' decision.

28. On December 11, 2017, Ellison informed Bourgeois that he was being terminated. Ellison stated that Stokes felt that Bourgeois was a liability to the company because of his previous back injury and feared that Bourgeois would further injure himself.

29. Defendant terminated Bourgeois on the basis of disability, in violation of Sections 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a).

30. The effect of the practices complained of in paragraphs 12 through 29 above has been to deprive Bourgeois of equal employment opportunities and has otherwise adversely affected his status as an employee because of his disability.

31. The unlawful employment practices complained of in paragraphs 12 through 29 above were intentional.

32. The unlawful employment practices complained of in paragraphs 12 through 29 above were done with malice or with reckless indifference to the federally protected rights of Bourgeois.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendant to make Bourgeois whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay and reinstatement.

D. Order Defendant to make Bourgeois whole by providing appropriate compensation for the past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 12 through 29 above, including but not limited to relocation expenses, job search expenses, medical expenses, and other pecuniary losses, in amounts to be determined at trial.

E. Order Defendant to make Bourgeois whole by providing appropriate compensation for the past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 12 through 29 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and other non-pecuniary losses, in amounts to be determined at trial.

F. Order Defendant to pay punitive damages for its malicious and reckless conduct described in paragraphs 12 through 29 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RESPECTFULLY SUBMITTED,

Sharon Fast Gustafson

General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

U.S. Equal Employment Opportunity Commission
131 M. Street E
Washington, DC 20507

_____
MARSHA RUCKER (PA Bar No. 90041)
Regional Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street, South
Birmingham, Alabama 35205
Telephone: (205) 212-2045
Facsimile: (205) 212-2041