IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,  )<br>)<br>Plaintiff,  )<br>)<br>)<br>v.  )<br>)<br>)<br>AGRI-AFC, LLC  )<br>)<br>Defendant.  ) | Civil Action No.<br>1:20-cv-00114-TBM-RPM |

## CONSENT DECREE

The United States Equal Employment Opportunity Commission ("EEOC" or "Commission") filed this action on March 26, 2020 against Agri-AFC, LLC ("Agri" or "Defendant") pursuant to Title I of the Americans with Disabilities Act of 1990, as amended ("ADA") and Title I of the Civil Rights Act of 1991. In its Complaint, the Commission alleged that Defendant violated the ADA by terminating Jean-Paul Bourgeois ("Bourgeois" or "Charging Party") from his employment because of his disability. The Commission alleged that Defendant's conduct violated Section 102(a) of the ADA, 42 U.S.C. § 12112(a). Nothing in this Agreement should be construed as an adjudication, or an admission on the part of Defendant, that Defendant has engaged in unlawful discrimination.

The Parties do not object to the jurisdiction of this Court over this action and waive their rights to a hearing and the entry of findings of fact and conclusions of law. Venue is proper in the U.S. District Court for the Southern District of Mississippi (Southern Division). The Parties

45415247 v1

agree that this Consent Decree is fair, reasonable, and does not violate the law or public policy. The ADA rights of the Parties and Charging Party are adequately protected by this Consent Decree.

In the interest of resolving this matter, and to avoid the expense of further litigation, the Parties have agreed that this action should be resolved by entry of this Consent Decree.

It is hereby **ORDERED, ADJUDGED AND DECREED**:

1. This Consent Decree is entered into by the Commission and Agri-AFC, LLC ("Agri" or "Defendant").

2. This Consent Decree shall be final and binding between the Commission and Agri.

3. This Consent Decree shall be filed in the United States District Court for the Southern District of Mississippi, Southern Division, and shall be in effect, and continue to be in effect, for a period of two (2) years from the date of entry of this Consent Decree by the Court.

4. Any modification of this Consent Decree by any party shall be made by motion to the Court.

5. The Court shall retain jurisdiction over this case in order to enforce the terms of the Consent Decree.

6. Agri shall comply fully with all provisions of this Consent Decree.

7. Agri shall not subject any employee to discrimination or retaliation based on disability and shall comply fully with all provisions of this Consent Decree and the ADA. Defendant and its officers, agents, employees, successors, and assigns, and all of those in active concert or participation with them, or any of them, are permanently enjoined for the duration of this Consent Decree from discriminating or retaliating against an employee (regardless of the employee's

45415247 v1

classification as permanent, full-time, part-time, temporary or seasonal) in violation of the ADA. The prohibited practices include, but are not limited to, the following:

    a. Terminating or otherwise negatively affecting the terms and conditions of employment of any employee because of an actual disability;

    b. Terminating or otherwise negatively affecting the terms and conditions of employment of any employee because of a record of a disability;

    c. Terminating or otherwise negatively affecting the terms and conditions of employment of any employee because of a perceived disability;

    d. Retaliating against any employee for engaging in activity protected by the ADA.

8. Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to prohibit Agri from taking any action against an employee which is consistent with its obligations under the ADA.

9. Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to affect, or otherwise limit, the obligations of Defendant Agri under the ADA as applicable, or its ability to contest, defend or litigate any current or future charge or claim of discrimination filed with the EEOC or against Agri, other than the charge made the basis of this action.

10. Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to affect, or otherwise limit, the EEOC's authority to process or litigate any current or future charge of discrimination filed with the EEOC or against Agri, other than the charge made the basis of this action..

## RELIEF TO CHARGING PARTY

11. Provided that the EEOC provides Defendant with a release executed by Charging Party in substantially the form attached to this Consent Decree as Exhibit A, and provides Defendant with

executed forms W-4 and W-9, Defendant shall pay Bourgeois the gross, aggregate sum of forty thousand dollars ($40,000). Ten thousand dollars ($10,000) of the settlement amount shall be attributed to alleged backpay damages and this portion of the settlement amount will be subject to applicable taxes and other withholdings required by law, which Defendant will deduct. Thirty thousand dollars ($30,000) of the settlement amount shall be attributed to alleged emotional distress and mental anguish and shall not be subject to tax withholding or other withholdings.

12. Within ten (10) days of receipt of the executed release and executed tax forms referenced above, Defendant shall issue payment of the monetary relief to the Charging Party by mailing two checks payable to Charging Party to the address provided by the EEOC. Concurrently, Defendant shall mail a copy of the checks to the attention of Plaintiff's Regional Attorney, Equal Employment Opportunity Commission, Birmingham District Office, Ridge Park Place, 1130 22nd Street South, Suite 2000, Birmingham, AL 35205. Defendant will promptly notify the Commission in the event any mailing is returned to Defendant as undeliverable or any check is not cashed within 30 days after it was mailed.

13. Defendant shall report all monetary payments to Charging Party under this Decree on IRS Form W-2 (for all taxable employment compensation, i.e. back pay) and/or IRS Form 1099 (for all compensatory damages), and shall provide the appropriate W-2 and/or 1099 forms to Charging Party at the conclusion of the tax year in which Defendant paid the above-described monies by sending those forms to the address for Charging Party provided by the EEOC, with copies to Regional Attorney, Birmingham District Office, 1130 22nd Street South, Suite 2000, Birmingham, AL 35205.

14. Defendant will not condition the receipt of individual monetary relief upon the Charging Party's agreement to: (a) maintain as confidential the terms of this Decree or the facts of the case;

(b) waive his statutory right to file a charge with any federal or state anti-discrimination agency; or (c) promise not to reapply for a position at any of Agri's facilities.

## OTHER RELIEF

15. Agri shall segregate into confidential files, and not disclose to any employee or non-government third party (unless such documentation is the subject of a court order), all documents, information, references, and all facts or matters underlying or related to the EEOC Charge filed by Jean-Paul Bourgeois (Charge No. 425-2018-00316) and this lawsuit, except as otherwise provided in this Consent Decree.

16. Defendant, including its officers, agents, managers, successors, and assigns shall be enjoined from providing negative, derogatory, or otherwise unfavorable information about Jean-Paul Bourgeois. In the event Defendant receives any request for information, whether verbal or written, from potential employers, prospective employers, or third parties seeking references or information about Bourgeois, Defendant shall inform such potential employer(s), prospective employer(s), or third parties that its policy and practice is to provide only the dates of an individual's employment, the position held by that individual, and, if requested by Claimant, his final pay rate while employed at Agri.

17. Agri shall maintain written policies which advise individuals how to report or complain about alleged discrimination on the basis of disability.

18. Within sixty (60) days of the entry of this Consent Decree and during its effective period, Agri shall post on all bulletin boards at any facility where it does business, and all electronic bulletin boards used to communicate with employees, a copy of its policy prohibiting discrimination and retaliation in accordance with the ADA.

## POLICIES AND PROCEDURES

19.     Within 30 days of the entry of this Consent Decree, Agri shall issue a written statement to all employees confirming its commitment to a workplace free of discriminatory practices, advising employees what disability discrimination is, how to report it, and encouraging employees to report discrimination without fear of retaliation.

20.     Within 60 days of entry of this Consent Decree, Agri shall review its existing anti-discrimination policies covering the laws enforced by EEOC and if it determines any amendments are necessary, it shall disseminate its revised policies to its employees. Those policies shall include, at a minimum:

   a. A requirement that Defendant's employees, officers, directors, managers, supervisors, and human resources employees be trained on the requirements of the ADA;

   b. Clear definitions of disability discrimination, with examples where appropriate;

   c. Statements prohibiting disability discrimination and retaliation;

   d. Convenient, confidential, and reliable mechanisms for reporting disability discrimination;

   e. A process for employees to report complaints of ADA-related discrimination and retaliation;

   f. A statement that reports of ADA-related discrimination may be made orally or in writing and can be made anonymously;

   g. Broad dissemination of the telephone numbers and mailing and email addresses of managers, supervisors, and human resources personnel to whom reports of ADA-related discrimination may be made;

    h. A requirement that any supervisor, manager, or human resources employee who observes or otherwise obtains information regarding ADA-related discrimination report such information immediately to the head of Defendant's Human Resources Department.;

    i. A requirement that Defendant provide notice to employees and applicants (via Defendant's policies and procedures, a poster displayed in a public area of each of Defendant's facilities, and, if used, on Defendant's intranet and electronic bulletin boards) of Agri's ADA policies;

    j. A provision for disciplinary action, when determined appropriate by Agri, up to and including termination, for employees who violate its policies prohibiting disability discrimination and retaliation;

    k. A system or plan for ensuring the dissemination to all Agri employees of a copy of Agri's policy and procedures;

    l. An assurance of non-retaliation for persons who wish to report that they have been discriminated against or witnessed discrimination or harassment in violation of the ADA.

21. Agri shall promptly and appropriately investigate all complaints of ADA-related discrimination and retaliation. The investigation of all such complaints shall be documented.

22. Agri shall send a copy of the policies and procedures disseminated pursuant to this Consent Decree to the attention of the Regional Attorney of the Birmingham District Office, U.S. Equal Employment Opportunity Commission, within 90 days following the entry of this Consent Decree.

23. Agri shall provide a copy of the policies and procedures required by the Consent Decree to all new employees and provide a copy of any revised policies and procedures pursuant to this Consent Decree to its then current employees.

24. Agri shall post the policies and procedures required by this Consent Decree in prominent locations frequented by employees in each of its worksite locations as well as on its website.

25. Within 90 days of this Consent Decree, Defendant shall report to the EEOC in writing on its efforts and actions to comply with each of the items under the "Policies and Procedures" section of this Consent Decree, including providing the EEOC with copies of all newly-implemented non-discrimination policies. Acceptance or review of these policies shall be for compliance monitoring purposes only.

### TRAINING FOR MANAGERS, SUPERVISORS AND EMPLOYEES

26. No later than October 31, 2021, Defendant shall provide a training session at least sixty minutes in length on the anti-discrimination laws enforced by the EEOC, which shall include a section on disability discrimination. The training shall also include examples of potential discrimination. The training shall be given to all employees, supervisors, and managers. Defendant shall provide this training annually for the period covered by the Consent Decree.

27. The training may be presented live or by remote means, including through use of a video recording, by a trainer who is qualified by education and experience in the subject matter. Defendant shall submit to the EEOC, two weeks prior to the first annual training, the name of the presenter and his or her qualifications. Within 30 days after the deadline for completion of each annual training, Defendant shall provide the EEOC with a typed certification regarding its efforts to provide employees with the necessary training, and the typed names of the employees trained. Any employee who was unable to complete the annual training as scheduled shall be trained within 30 days after the deadline for such training, absent unusual circumstances. A video recording of the training and education for employees shall be made for employees who are employed at the time of the training but unable to complete the training as scheduled. Employees hired subsequent

to the annual training sessions provided for above shall be trained via video recording within the first 30 days of their employment.

28. Defendant shall generate a registry containing the names of all persons who complete the trainings described above. All employees completing the training shall be required to certify that they have done so, either electronically or in writing. Agri shall retain the registry for the duration of the Consent Decree.

29. Agri may add to this training depending on its needs.

30. No later than December 31, 2021, Agri shall provide the Birmingham District Office of the Equal Employment Opportunity Commission with proof of the action taken to inform and train its personnel as outlined herein. The report(s) shall be mailed to Regional Attorney, EEOC Birmingham District Office, 1130 22nd Street South, Suite 2000, Birmingham, AL 35205.

## POSTING OF NOTICE

31. Agri shall post and cause to remain posted the posters required to be displayed in the workplace by Commission regulations.

32. Within 30 calendar days after entry of this Decree, Agri shall sign and post 8½-inch-by-11-inch sized copies of the notice attached as **Exhibit B** to this Consent Decree on all bulletin boards ordinarily used by Defendant for announcements, notices of employment policy, or practice changes to employees, during the term of this Consent Decree, including intranet pages and electronic bulletin boards.

## RECORDS RETENTION

33. Agri shall maintain the following records for the duration of this Consent Decree:

    (a) Agri policies and procedures;

    (b) Discrimination and retaliation complaints made by employees;

    (c)    All documents relating to any report of disability discrimination taken by Defendant in response to any such report, including documentation of Defendant's interview notes and determinations made after conducting an investigation;

    (d)    All documents generated in connection with each complaint, investigation, and resolution of each complaint involving allegations of violations of the ADA and retaliation;

    (e)    All materials used in training provided pursuant to the terms of this Consent Decree; and

    (f)    Attendance lists for such training.

## **DISPUTE RESOLUTION**

34.    In the event that the Commission believes during the term of this Consent Decree that Agri has failed to comply with any provision of the Consent Decree, the Commission shall notify Agri or Agri's counsel of the alleged non-compliance and shall afford Agri 30 calendar days thereafter to remedy the alleged non-compliance or to satisfy the Commission the alleged non-compliance is not well founded. If Agri has not remedied the alleged non-compliance or satisfied the Commission that it has complied within 30 calendar days after receiving notice from the Commission, the Commission may apply to the Court for appropriate relief.

## **ATTORNEYS' FEES**

35.    The parties shall bear their own attorneys' fees and costs incurred in this action.

## **FORCE AND EFFECT**

36.    The duration of this Consent Decree shall be two (2) years from its entry.

37.    The Court shall retain jurisdiction for the duration of the Consent Decree, during which the Commission may petition this Court for compliance with this Consent Decree. Should the Court determine that any party has not complied with this Consent Decree, appropriate relief, including

extension of the Consent Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

38. This Consent Decree shall expire by its own terms at the end of two (2) years from the date of entry of this Consent Decree without further action by the Parties.

39. The Parties agree to the entry of this Consent Decree subject to final approval by the Court.

SO ORDERED, ADJUDGED, and DECREED this ___29th___ day of ___June___, 2021.

_____
HONORABLE TAYLOR B. MCNEEL
UNITED STATES DISTRICT COURT JUDGE

APPROVED AND CONSENTED TO BY:

_____       _Erica Wyatt_____
AUTHORIZED REPRESENTATIVE              (Printed name)
FOR DEFENDANT
AGRI-AFC, LLC


_____       _Dent M Morton_____
ATTORNEY FOR DEFENDANT                 (Printed name)
AGRI-AFC, LLC


_____
MARSHA RUCKER
Regional Attorney

GERALD MILLER
Supervisory Trial Attorney

KURT FISCHER
Trial Attorney

U. S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Birmingham District Office
1130 22nd Street South, Suite 2000

43415247 v1

## EXHIBIT A

In consideration of payment of $40,000, paid to me on behalf of Agri-AFC, LLC ("Defendant") in connection with resolution of *Equal Employment Opportunity Commission v. Agri-AFC, LLC*, Civil Action No. 1:20-cv-00114-TBM-RPM, I waive my right to recover for any claims of disability discrimination arising under the ADA that I had against Defendant prior to the date of this release and that were included in the claims alleged in the EEOC's Complaint.

_____
Jean-Paul Bourgeois

5 May 2021
Date

# EXHIBIT B
# NOTICE TO ALL AGRI-AFC, LLC EMPLOYEES

This Notice is posted under the terms of the Consent Decree entered in Equal Employment Opportunity Commission v. Agri-AFC, LLC (Civil Action 1:20-cv-00114-TBM-RPM in the U.S. District Court for the Southern District of Mississippi).

It is unlawful under Title I of the Americans with Disabilities Act, *as amended*, ("ADA") to discriminate against an employee on the basis of disability. It is also unlawful to retaliate against any person because the person engaged in any activity protected by ADA, including opposing discriminatory conduct, or having contact with the EEOC.

If you believe you or any other person has been subjected to disability discrimination during the course of your employment with Agri-AFC, LLC you may contact the EEOC for assistance.

The ADA prohibits retaliation for requesting reasonable accommodation of a disability. The ADA also protects you from retaliation for (1) opposing discriminatory practices made unlawful by the ADA, (2) filing a charge or assisting or participating in the filing of a charge of discrimination under the ADA, or (3) assisting or participating in an investigation or proceeding brought under the ADA. If you believe you or any other person is being retaliated against in violation of the ADA, you may contact the EEOC for assistance. For information regarding the EEOC, and how to contact the EEOC, you may visit www.eeoc.gov.

> **This Notice must remain posted for** two (2) **years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed as follows: Regional Attorney, EEOC Birmingham District Office, Ridge Park Place, Suite 2000, 1130 22nd Street South, Birmingham, AL 35205.**

_____         _____
            Date                                           On Behalf of Agri-AFC, LLC.


## DO NOT REMOVE THIS NOTICE!

45415247 v1